T. W. RUCKER, for defendant.

---

HACKNEY *et al. v.* LEAKE *et al.*

1. The law for changing the lines of militia districts is a general law of this State, although in some of the counties the power is lodged with the ordinary and in some with commissioners of roads and revenues. See Code, §§484, 486, 5150, 5177.
2. When the lines of a militia district are legally changed the territory thus added to a district becomes subject to the system as to fences or stock-law which prevails in that district. Thus where the stock law was adopted in Blooming Grove district by a vote of the people on May 8th, 1891, a farm or plantation which was subsequently added to that district by a change of the district line would be from the time of such change fenced by the lines of its lots or tracts the same as if it had belonged to the district at the time the election was held. The question indicated in the third head-note of *Hillsman* v. *Harris,* 84 *Ga.* 432, is thus answered in the affirmative.    *Judgment affirmed.*
February 2, 1893.

Before Judge JANES. Polk county. At chambers. June 29, 1892.

Injunction was granted on the petition of Leake *et al.,* restraining the enforcement of a possessory warrant for an ox belonging to Hackney and impounded by plaintiffs under the stock law. The question made by the record is, whether the stock law was operative on the land of the plaintiffs where the ox was taken up. The Blooming Grove district in Polk county was made, a few weeks before May 8th, 1891, by taking a part of

the Esom Hill district and a part of Youngs district, not including the land in question. The Esom Hill district has never adopted the stock law; the Blooming Grove district adopted it on May 8th, 1891, by a vote of the people. On October 19th, 1891, on the application of the plaintiffs and others, the county commissioners cut the land in question from the Esom Hill district and added it to the Blooming Grove district. Hackney lives in the Esom Hill district and on the line of the two districts named, as the line is since the cut was made; before the cut he lived more than a mile from the line of the Blooming Grove district. The fences of plaintiffs and others in this cut off territory are not kept up, and are not sufficient to keep out stock. It is contended by the defendants that the stock law could become operative only by vote of the people in the territory to be affected by it; and that it was not lawful, since the act of November 26th, 1890, thus to cut off territory from a " fence " district and add the same to a " no fence " district for the sole purpose of rendering the stock law applicable thereto.

IRWIN & BUNN, for plaintiffs in error.

THOMPSON & RAMSAUR, by brief, *contra*